ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Securityhunter, Inc. | ) ASBCA No. 60896 |
| | ) |
| Under Contract No. N39430-13-D-1265 | ) |

APPEARANCE FOR THE APPELLANT:     Robert F. Carney, Esq.
                                   Whiteford, Taylor & Preston L.L.P.
                                   Columbia, MD

APPEARANCES FOR THE GOVERNMENT:   Ronald J. Borro, Esq.
                                   Navy Chief Trial Attorney
                                   Russell A. Shultis, Esq.
                                   Assistant Director
                                   David M. Marquez, Esq.
                                   Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

Securityhunter, Inc., seeks a declaration interpreting a contract with the Naval Facilities Engineering Command (government). In particular, Securityhunter submitted a claim to the contracting officer contending that its obligation to complete performance of a task order was extinguished when the task order and base contract periods of performance expired. The contracting officer concluded in a final decision that Securityhunter remained obligated to complete performance. The Board agrees with the government. Securityhunter's motion for summary judgment is denied and the government's motion for summary judgment is granted. Securityhunter's appeal is denied.

## BACKGROUND

On May 21, 2013, the government awarded Securityhunter the firm-fixed-price, indefinite-delivery, indefinite-quantity contract identified above. The contract sought materials and services for Physical Security/Access Control systems, with work assigned through separate, firm-fixed-price task orders. (R4, tab 1 at 1-2, 4, 7-23, 33-34, 46-47) The contract's initial 365-day period of performance began on May 21, 2013. The contract also provided the government with two option years that it exercised. (R4, tab 1 at 1-3, 23) The second option year's period of performance ended on May 20, 2016 (R4, tab 1 at 32). Among the contract's clauses was Federal Acquisition Regulation

(FAR) 52.216-22, INDEFINITE QUANTITY (OCT 1995). Section (d) provided in pertinent part that:

> (d) Any order issued during the effective period of this contract and not completed within that period shall be completed by the Contractor within the time specified in the order. The contract shall govern the Contractor's and Government's rights and obligations with respect to that order to the same extent as if the order were completed during the contract's effective period; provided that the Contractor shall not be required to make any deliveries under this contract after 365 days after contract award.

(R4, tab 1 at 47)

On May 7, 2014, the government issued Task Order 0008 (TO 8) under the contract (R4, tab 13). TO 8 incorporated a Performance Work Statement (PWS) for physical security/access control at the Naval Station Norfolk and the Naval Support Activity Hampton Roads (R4, tab 13 at 4, tab 5).[1] The PWS provided specific requirements for Securityhunter to install automated vehicle gates and related systems such as card readers, badging components, sensors, monitors, interfaces, communications, video, license readers, lighting, and related components and software (R4, tab 5 at 81-91). The task order's firm-fixed-price totaled $2,545,798.01 (R4, tab 13 at 521). TO 8 established a 365-day period of performance from May 7, 2014 until May 6, 2015 (R4, tab 13 at 526, tab 5 at 91).

Securityhunter submitted a claim to the contracting officer dated September 8, 2016, seeking an interpretation of the contract. Specifically, Securityhunter observed that, though the government had successfully extended other task orders issued under the contract, it had failed to extend TO 8. Securityhunter therefore stressed that both the contract and task order periods of performance had expired. It maintained that FAR 52.216-22(d) relieved it from any further obligations to complete performance. Accordingly, it declared that it was no longer under contract with the government to perform the PWS. It offered to outline what work remained to be completed. Securityhunter "demand[ed] that it be released from any further performance under [TO 8] as a result of the expiration of the contract and the task order periods of performance." Securityhunter did not seek a monetary award. (R4, tab 16) The contracting officer denied Securityhunter's claim on October 21, 2016, concluding that Securityhunter was required

---

[1] The task order states that the PWS was dated July 31, 2013 (R4, tab 13 at 523). However, the parties agree that the relevant PWS is one dated August 14, 2013 (app. prop. finding ¶ 13, gov't prop. finding ¶ 53 n.2).

to continue performance of the task order "until the design, procurement, and installation of the necessary automated gate equipment is completed" (R4, tab 18 at 3).[2]

This appeal followed. Securityhunter's complaint essentially repeats the allegations of its claim, contending that Securityhunter was relieved from any obligation to deliver supplies and services as a result of FAR 52.216-22(d). It asks that it be "released from any further performance under this task order." It does not seek a monetary award.

## DECISION

Securityhunter moves for summary judgment, seeking a declaration from the Board that it was not required to make further deliveries under TO 8 after May 20, 2016. The government cross-moves for summary judgment, suggesting that Securityhunter has not been relieved of the task order's requirements.

Summary judgment should be granted if it has been shown that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The Board's jurisdiction over appeals from the denial of claims includes the power to interpret the parties' contract rights. *See Alliant Techsystems, Inc. v. United States,* 178 F.3d 1260, 1265-70 (Fed. Cir. 1999); *Kaman Precision Prods., Inc.,* ASBCA Nos. 56305, 56313, 10-2 BCA ¶ 34,529 at 170,287. However, its jurisdiction does not include the power to order specific relief. *See MicroTechnologies, LLC,* ASBCA Nos. 59911, 59912, 15-1 BCA ¶ 36,125. Though Securityhunter's request for a "release" might imply that it seeks specific relief, its claim also requests "interpretation of the contract terms." The appeal is deemed to address contract interpretation.[3]

### I.    Securityhunter's Motion

Securityhunter's motion for summary judgment relies upon a specific assertion that it did not include in its claim to the contracting officer. It now contends that the government delayed its performance of TO 8 past both the task order's completion date of May 6, 2015, and the base contract's period of performance which, after extension,

---

[2]  The contracting officer also stressed that, should Securityhunter disagree with the decision, it remained obligated to continue performance under the contract's Disputes clause, FAR 52.233-1, pending resolution of any further review.

[3]  On July 26, 2017, Securityhunter filed an objection to the admissibility of Rule 4 file, tabs 10 through 12, and a motion to strike exhibits attached to the government's brief in opposition to Securityhunter's motion for summary judgment and supporting the government's motion. None of these materials are relied upon for the purpose of this decision and therefore the objection and motion are considered moot.

3

ended on May 20, 2016. Securityhunter says this government delay, combined with section (d) of the Indefinite Quantity clause, stating "that the Contractor shall not be required to make any deliveries under this contract after 365 days [extended to three years] after contract award," eliminates any obligation to continue performance after May 20, 2016. (App. mot. at 2, 6, 9-10, 12-14; app. resp. at 8, 11)

Securityhunter did not present to the contracting officer a claim that the government delayed performance of the task order, and therefore that contention is beyond the Board's jurisdiction to consider. *See Taj Al Safa Co.,* ASBCA No. 58394, 13 BCA ¶ 35,278. Securityhunter's claim merely stated that the task order and contract periods of performance expired, and therefore Securityhunter was no longer obligated to continue performing. It further contended that any attempt to extend either the contract or task order would violate FAR 52.216-22(d).

To remain within the scope of a claim, an action must arise from the same operative facts as those presented to the contracting officer. *See Am. Gen. Trading & Contracting, WLL,* ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639-40. At the very least, Securityhunter's allegation that the government delayed its performance of TO 8 involves consideration of the facts supporting the alleged delay, causation, and responsibility. *See ECC, Int'l,* ASBCA No. 55781, 13 BCA ¶ 35,207 at 172,741, 172,744. The operative facts associated with these issues are not the same as what Securityhunter asserted in its claim. Consequently, the Board lacks jurisdiction to consider Securityhunter's delay allegation. Because government delay is a central component to Securityhunter's motion for summary judgment, the motion is denied.

## II.    *The Government's Motion*

The government seeks summary judgment upon Securityhunter's complaint. That pleading, like the claim, contends that its obligation to deliver under TO 8 expired when the base contract's period of performance ended on May 20, 2016. Securityhunter contends that section (d) of the Indefinite Quantity clause extinguishes any obligation to perform after that date and therefore Securityhunter is no longer under contract to perform TO 8's requirements. We disagree.

Section (d) begins with the recognition that an order issued during the contract's effective period, but not completed within that time, shall be completed within the time specified by the order. It confirms that the base contract governs such an order as if it were completed during the contract's effective period. But, it provides that "the Contractor shall not be required to make any deliveries under this contract after 365 days after contract award," which Securityhunter acknowledges was extended to three years. (R4, tab 1 at 47; app. mot. at 3-4, 7, 9)

4

Though in other contexts there has been some uncertainty about the meaning of section (d), *see DayDanyon Corp. v. Department of Defense,* 600 F. App'x 739, 742 (Fed. Cir. 2015), here it is inapplicable. TO 8's period of performance, and therefore the time within which Securityhunter was to complete the task order work, ended on May 6, 2015, well before the base contract's effective period ended on May 20, 2016. Nothing in subsection (d) suggests that it relieves Securityhunter of its contractual obligation to complete such a task order simply because Securityhunter failed to do so during the task order and contract effective periods. As a firm-fixed-price task order, TO 8 placed upon Securityhunter "maximum risk and full responsibility for all costs and resulting profit or loss" so that it would "perform effectively." FAR 16.202-1. It also imposed a fixed scope of work. *See Zafer Taahhut Insaat ve Ticaret A.S. v. United States,* 833 F.3d 1356, 1361 (Fed. Cir. 2016) (declaring a firm-fixed-price contract "generally sets forth a fixed scope of work"). Relieving Securityhunter of its contractual obligations to complete that work merely because it failed to perform on time would render the contract illusory and void. Securityhunter could simply decline to perform without any consequences. *See Stockton E. Water Dist. v. United States,* 583 F.3d 1344, 1357 (Fed. Cir. 2009) (quoting *Torncello v. United States,* 681 F.2d 756, 760 (Ct. Cl. 1982) ("[A] party may not reserve to itself a method of unlimited exculpation without rendering its promises illusory and the contract void...."); Richard A. Lord, *Williston on Contracts* § 4.27 (4th ed. 1999) ("[W]here the promisor retains an unlimited right to decide later the nature or extent of his or her performance[, the] unlimited choice in effect destroys the promise and makes it illusory.")).

Securityhunter appears to recognize the possibility of invalidity by stressing now that its position is premised upon the government delaying the task order's completion. An excusable delay might relieve Securityhunter from performing during the delay. *See Alley-Cassetty Coal Co.,* ASBCA No. 33315, 89-3 BCA ¶ 21,964 at 110,490 (finding contractor was entitled to an extension of time to deliver coal due to excusable delay). But, normally it would have to perform after the impairment was removed. *See Consolidated Molded Prods. Corp. v. United States,* 600 F.2d 793 (Ct. Cl. 1979); RESTATEMENT (SECOND) OF CONTRACTS § 269 (1981) (relieving contractor from resuming performance only if it would be materially more burdensome). Regardless, as already noted, Securityhunter did not allege delay in its claim. Securityhunter's claim that its obligation to perform disappears upon expiration of the contract's period of performance is unsupported as a matter of law. Accordingly, the government's motion for summary judgment is granted.

## CONCLUSION

Securityhunter did not allege in its claim that the government delayed its performance of TO 8. Because such a contention would arise from separate operative facts than those alleged in the claim, the Board lacks jurisdiction to consider it. Securityhunter's motion for summary judgment premised upon government delay is therefore denied.

Securityhunter's claim contends that, upon expiration of the contract's period of performance, its obligation to complete performance of TO 8 was extinguished under the terms of section (d) of the Indefinite Quantity clause. That contention is rejected as a matter of law, and therefore summary judgment is granted to the government. The appeal is denied.

Dated: 15 February 2018

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60896, Appeal of Securityhunter, Inc., rendered in conformance with the Board's Charter.

Dated:   FEB 1 6 2018

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6